IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES WESLEY WHEAT | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1315-H |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Charles Wesley Wheat, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be summarily denied.

I.

Petitioner was convicted of aggravated robbery and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Wheat v. State*, No. 05-81-00838-CR (Tex. App.--Dallas, Sept. 16, 1982, no pet.). Petitioner also filed multiple applications for state post-conviction relief. Most recently, petitioner challenged a decision by the Texas parole board to deny him release to mandatory supervision. His writ was denied without written order. *Ex parte Wheat*, No. 15,785-05 (Tex. Crim. App. Mar. 9, 2005). Petitioner then filed this action in federal court.

II.

In three grounds for relief, petitioner contends that the decision to deny him release to mandatory supervision violates due process, the separation of powers doctrine, and the double jeopardy clause of the United States Constitution. The law governing mandatory supervision in

effect when the instant offense was committed provided, in pertinent part:

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the [Parole] Board when the calendar time he has served plus any accrued good conduct time equals the maximum term to which he was sentenced.

TEX. CODE CRIM. PROC. ANN. art. 42.18, § 15(c), *repealed* Sept. 1, 1985. The Fifth Circuit has interpreted this statute to create an expectancy of early release to those inmates whose calendar time combined with good time credits equal the sentence imposed. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000), *citing Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). However, a life sentence is not capable of calculation under the mandatory supervision statute. *See Rosario v. Dretke*, 2005 WL 877920 at *2 (N.D. Tex. Apr. 14, 2005), *rec. adopted*, 2005 WL 1018045 (N.D. Tex. Apr. 28, 2005) ("It is not logistically possible to calculate the statutory formula because calendar time plus good time earned can never equal the unknown length of the life sentence."); *Randall v. Cockrell*, 2001 WL 1597829 at *2 (N.D. Tex. Dec. 11, 2001) (same); *Elliott v. Johnson*, 2001 WL 123984 at *2-3 (N.D. Tex. Jan. 16, 2001), *rec. adopted*, 2001 WL 180142 (N.D. Tex. Feb. 16, 2001) (same). Consequently, these grounds for relief are without merit and should be overruled.[1]

### RECOMMENDATION

It plainly appears from the petition and any attached exhibits that petitioner is not entitled to relief. Accordingly, his application for writ of habeas corpus should be summarily denied. *See* RULES GOVERNING SECTION 2254 CASES, Rule 4.

A copy of this report and recommendation shall be served on all parties in the manner

---

[1] It appears petitioner first learned that he would not be released to mandatory supervision on November 9, 1999--more than three years before he sought state or federal post-conviction relief. (*See Spears* Quest. #4). However, the court need not determine whether this action is barred by the AEDPA statute of limitations as petitioner is not entitled to relief in any event. *See Davis v. Dretke*, 2003 WL 23174750 at *1 n.1 (N.D. Tex. Nov. 25, 2003), *rec. adopted*, 2003 WL 23096493 (N.D. Tex. Dec. 22, 2003).

provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 15, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE