IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES WESLEY WHEAT | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1315-H |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Wesley Wheat, appearing *pro se*, has filed a Rule 60(b) motion for relief from the judgment entered in this habeas case. For the reasons stated herein, the application should be denied.

I.

Petitioner was convicted of aggravated robbery and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Wheat v. State*, No. 05-81-00838-CR (Tex. App.--Dallas, Sept. 16, 1982, no pet.). Petitioner also filed applications for post-conviction relief in state and federal court. Both writs were denied. *Ex parte Wheat*, No. 15,785-05 (Tex. Crim. App. Mar. 9, 2005); *Wheat v. Dretke*, No. 3-05-CV-1315-H, 2005 WL 1667832 (N.D. Tex. Jul. 15, 2005), *rec. adopted*, 2005 WL 1837154 (N.D. Tex. Aug. 3, 2005), *appeal pending*, No. 05-11041.

Petitioner now seeks to vacate the judgment denying his federal writ. As grounds for his motion, petitioner alleges that newly discovered evidence and further research establish his

entitlement to early release under the Texas mandatory supervision statute.[1]

II.

A district court may grant relief from a final judgment "[o]n motion and upon such terms as are just . . ." FED. R. CIV. P. 60(b). These terms include newly discovered evidence, a void judgment, or a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(2), (4) & (5). The court also may set aside a judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). However, relief under this "catch-all" provision is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002), *quoting Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1851 (1996).

In support of his Rule 60(b) motion, petitioner relies on the affidavit of Helen Copitka, a former voting member of the Texas Board of Pardons and Paroles, and documents from the TDCJ which suggest that inmates serving life sentences may be considered for early release when their flat time and accrued good time equal 60 years. Assuming that petitioner exercised due diligence in obtaining this evidence,[2] Rule 60(b) relief is not warranted unless "the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Brown v. Petrolite Corp.*, 965 F.2d 38, 50 (5th Cir. 1992). Neither the Copitka affidavit nor the TDCJ documents change the outcome of this case.

---

[1] Although a district court lacks jurisdiction to grant a Rule 60(b) motion while an appeal is pending absent remand by the court of appeals, it may deny Rule 60(b) relief. *See Winchester v. United States Attorney for the Southern District of Texas*, 68 F.3d 947, 948-49 (5th Cir. 1996).

[2] Petitioner states that he only recently obtained a copy of the Copitka affidavit, which was executed in 2001, and the TDCJ documents from outside sources. However, petitioner fails to prove that he could not have discovered these materials earlier through the exercise of due diligence.

The law in effect at the time petitioner was sentenced provided, in pertinent part:

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the [Parole] Board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(c) (Vernon 1977), *repealed* Sept. 1, 1985. The court is unaware of any controlling authority which holds that this statute creates an expectancy of early release to those inmates serving life sentences whose calendar time combined with good time credits equal 60 years. To the contrary, both the Texas Court of Criminal Appeals and the Fifth Circuit have held that neither the prior version of article 42.12, § 15(c), nor the current statute, permit release for prisoners sentenced to life. *See Ex parte Franks*, 71 S.W.3d 327, 328 (Tex. Crim. App. 2001) ("Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life."); *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (rejecting claim that prisoner serving life sentence has expectancy of early release under Texas law). Because the new evidence presented by petitioner does not impact the court's analysis of this legal issue, he is not entitled to Rule 60(b) relief.

## RECOMMENDATION

Petitioner's Rule 60(b) motion for relief from judgment [Doc. #16] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996).

DATED: July 17, 2006.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE